Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREGORIO AQUINO on behalf of himself and
all other persons similarly situated,

                                                Docket No.:

                Plaintiffs,

                                                **COMPLAINT**

    -against-

JOSEPH IADEVAIA LANDSCAPING CORP.
and JOSEPH IADEVAIA,

                Defendants.
-----------------------------------------------------------------X

Plaintiff, GREGORIO AQUINO, on behalf of himself and all other persons similarly situated, by and through his attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

## **PRELIMINARY STATEMENT**

1. Defendants have profited at the expense of their former employee who performed labor for Defendants' landscaping and construction business by failing to pay Plaintiff premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6

1

and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## NATURE OF THE ACTION

2. Plaintiff seeks to recover unpaid wages that Defendants owe him under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

6. Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 26 Lexington Avenue, Westbury, New York 11590.

## THE PARTIES

7. The Plaintiff, GREGORIO AQUINO ("Aquino"), is a resident of the County of Nassau, State of New York.

8. At all times relevant to the complaint, Plaintiff AQUINO was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

9. Plaintiff AQUINO was employed by the defendants as a manual laborer from in or about October 2011 until on or about December 20, 2016.

10. Defendant JOSEPHE IADEVAIA LANDSCAPING CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

11. At all times relevant, defendant, JOSEPH IADEVAIA LANSCAPING CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

12. The defendant, JOSEPH IADEVAIA, resides at 2660 Flower Street, Westbury, New York and owns and/or operates JOSEPH IADEVAIA LANDSCAPING CORP.

13. The defendant, JOSEPH IADEVAIA, is the President or Chief Executive Officer of JOSEPH IADEVAIA LANDSCAPING CORP.

14. The defendant JOSEPH IADEVAIA is a shareholder of the defendant JOSEPH IADEVAIA LANDSCAPING CORP.

15. The defendant JOSEPH IADEVAIA has authority to make payroll and personnel decisions for the defendant JOSEPH IADEVAIA LANDSCAPING CORP.

16. The defendant, JOSEPH IADEVAIA, is active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

17. The defendant, JOSEPH IADEVAIA, as a result of his position as manager and/or owner of the corporate defendants is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTS

18. Defendants are engaged in residential construction and landscaping.

19. Plaintiff AQUINO worked as a manual laborer for Defendants from in or about October 2011 until on or about December 20, 2016.

20. The Defendants had control over the conditions of Plaintiff's employment, his work schedule, the rate and method of payment of Plaintiff's wages and the maintenance of his employment records.

21. Plaintiff regularly worked in excess of forty hours per week.

22. Defendants paid Plaintiff daily rate regardless of the actual number of he hours worked each workweek.

23. Plaintiff worked more than forty hours in most workweeks in which he was employed by the defendants but was not paid overtime compensation for the hours he worked after forty hours per week.

24. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

25. Defendants paid Plaintiff, at times, wholly or partially in cash, without providing an accurate indication as to his rate of pay, the hours worked each day, and the total number of hours worked each week.

## COLLECTIVE ACTION ALLEGATIONS

26. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

27. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

28. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as manual laborers.

29. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

30. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

31. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

32. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

33. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a)    whether Defendants failed and/or refused to pay the Plaintiff and Class Members the overtime wages for hours worked in excess of forty hours in a single workweek;

    (b)    whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class;

    (c)    whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(d) whether Defendants failed to furnish the Plaintiff and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(e) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(f) whether Defendants' general practice of failing and/or refusing to pay the Plaintiff and Class overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

35. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay overtime wages and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

36. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

38. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

39. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

7

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

40. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

41. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

42. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

45. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

46. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

47. As a result of defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## ((NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

48. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

49. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

50. By defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

51. Due to defendants' violations of the New York Labor Law, Plaintiff and Class Members are entitled to recover from defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

52. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants failed to provide Plaintiff with a statement of his wages with each pay period; notice of his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

54. Due to defendant's failure to provide plaintiff with the notice required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)   Damages pursuant to New York State Labor Law §195;

(v)    All attorneys' fees and costs incurred in prosecuting these claims; and

(vi)   Such other relief as this Court deems just and proper.


Dated: Babylon, New York
       January 13, 2017

                              LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter A. Romero
     Peter A. Romero, Esq.
     103 Cooper Street
     Babylon, NY 11702
     (631) 257-5588
     Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

# CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Joseph Iadevaia Landscaping Corporation to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the Fair Labor Standards Act of 1938. I hereby authorize the Law Office of Peter A. Romero PLLC to represent me in this case.

_____  
GREGORIO AQUINO

1-3-17  
DATE